The State ex. rel. James Murray *against* John B. Ayres.     *December*, 1824.

JUDGE *Saffold* delivered the opinion of the Court.

This was an information in the nature of a quo warranto, requiring the respondent *Ayres* to shew by what authority he holds and exercises the office of Sheriff of the County of *Jefferson.* He makes a voluntary appearance here, and in his answer states, that on the 20th day of *March*, 1824, he was commissioned by the Governor, Sheriff of the County, to fill the vacancy occasioned by the resignation of *John McWhorter*, who in *August*, 1822, had been elected to that office for the term of three years, which has not yet expired. That soon after the date of his commission, he gave bond and security, and took the oaths of office as required by the Constitution and laws of the State, and entered upon the duties of the office. To this answer the Attorney General has demurred.

It is admitted that at the last annual election in *Jefferson* County for Representatives to the General Assembly, an election was advertised and held for a Sheriff of said County, at which the Relator, *James Murray*, was duly elected to that office. That on the 17th day of *November* last, he was regularly commissioned by the Governor to hold said office from the first *Monday* in *August* last, for and during the term of three years ; and that he has given bond, and taken the oaths of office as required by the constitution and laws. The re-

A Sheriff appointed by the Governor to fill a vacancy holds his office only until the next annual election for Representatives to the General Assembly.

DECEMBER, 1824.

The State
ex. rel.
James Murray
v.
John B. Ayres.

spondent claims the right to hold the office during the whole residue of the term for which his predecessor had been elected.

The question then presented is, whether a Sheriff under an executive appointment holds the office until the expiration of the time for which his predecessor had been elected, or is his appointment only until the next annual election for Representatives to the General Assembly ? By the 24th Section of the 4th article of the Constitution of the State, it is provided that a Sheriff shall be elected in each County by the qualified electors thereof, who shall hold his office for three years unless sooner removed ; and that should a vacancy occur subsequent to an election, it shall be filled by the Governor as in other cases, and the person so appointed shall continue in office until the next general election, when such vacancy shall be filled by the qualified electors, and the sheriff then elected shall continue in office three years.

What is to be understood by the appointment of a Sheriff to continue in office until *the next general election, when such vacancy shall be filled by the qualified electors ?* The annual election for Representatives to the General Assembly being simultaneous throughout the State, is commonly understood to be referred to by the term " General Election.". Yet the term is somewhat ambiguous and indefinite. But if we look to the subject matter treated of in this Section of the Constitution, it appears that the Section refers to the appointment of Sheriffs only. New Counties have been laid out since the adoption of the Constitution, and the election of Sheriffs in different Counties must therefore be made in different years. The times of their elections cannot be uniform throughout the State. It would be difficult to determine, independent of the context of this Section, what election was alluded to by the term " general election." If it had been intended that the person who had received the executive appointment should continue in office for the entire residue of the time for which his predecessor had been appointed, it would have been a solecism to say that at any subsequent election *the vacancy* shall be filled. The vacancy mentioned must be understood with reference to the term of the original appointment ; for after the expiration of this term, the appointment in such County would be made, as in all other Counties, under regular triennial elections.

We are unanimously of opinion that the respondent was entitled to the office only until the next annual election for Representatives to the General Assembly.

The Attorney General and *Walker K. Baylor* for Relator. *Hitchcock* for Respondent.